UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PHILIP SANDS, | |
|---|---|
| Plaintiff, | Case No. 1:15-cv-01140-RRB |
| vs. | **DISMISSAL ORDER** |
| CDCR, *et al.*, | |
| Defendants. | |

Plaintiff Philip Sands, a California state prisoner appearing *pro se*, brought this civil rights action under 28 U.S.C. § 1983 in the California Superior Court, County of Kings, against CDCR, Warden Swift, and Lieutenant Marsh. Lieutenant Marsh removed the action to this Court.[1] The incident underlying the Complaint occurred while Sands was incarcerated at the Corcoran State Prison. Sands is currently incarcerated at the Wasco State Prison, Wasco, California.

**I.    SCREENING REQUIREMENT**

This Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[2] This Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

---

[1] Docket 1.

[2] 28 U.S.C. § 1915A(a).

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief."[3] Likewise, a prisoner must exhaust all administrative remedies as may be available,[4] irrespective of whether those administrative remedies provide for monetary relief.[5]

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[6] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."[7] Failure to state a claim under § 1915A incorporates the familiar standard applied in Federal Rule of Civil Procedure 12(b)(6), including the rule that complaints filed by *pro se* prisoners are to be liberally construed, affording the prisoner the benefit of any

---

[3] 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997e(c); *see Lopez v. Smith*, 203 F.3d 1122, 1126 & n.7 (9th Cir. 2000) (en banc).

[4] 42 U.S.C. § 1997e(a); *see Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006) ("proper exhaustion" under § 1997e(a) is mandatory and requires proper adherence to administrative procedural rules); *Booth v. Churner*, 532 U.S. 731, 741 (2001) (exhaustion of administrative remedies must be completed before filing suit).

[5] *See Booth*, 532 U.S. at 734.

[6] Fed. R. Civ. P. 8(a)(2).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

doubt, and dismissal should be granted only where it appears beyond doubt that the plaintiff can plead no facts in support of his claim that would entitle him or her to relief.[8]

This requires the presentation of factual allegations sufficient to state a plausible claim for relief.[9] "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'"[10] Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true.[11] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[12]

## II. GRAVAMEN OF COMPLAINT

Sands simply alleges that on January 6, 2014, his hands were flex-cuffed behind his back for a period of six to seven hours, during which he was forced to urinate with his hands behind his back. Staff refused to free Sands' hands or loosen the flex-cuffs. Sands does not identify the correctional officers involved.

---

[8] *Wilhelm v. Rotham*, 680 F.3d 1113, 1121 (9th Cir. 2012).

[9] *Iqbal*, 556 U.S. at 678–69; *see Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting and applying *Iqbal* and *Twombly*).

[10] *Iqbal* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

[11] *Id.*

[12] *Id.* (quoting *Twombly*, 550 U.S. at 555).

DISMISSAL ORDER
*Sands v CDCR*, 1:15-cv-01140-RRB – 3

## III.   DISCUSSION

Sands was denied relief at the Director's level, exhausting his administrative remedies.[13]

> **I.     APPELLANT'S ARGUMENT:** It is the appellant's position that on January 6, 2014, staff violated his rights when they inappropriately secured him with flexible handcuffs "Flex-Cuffs" for six to seven hours. The appellant asserts that his housing unit was being searched and he was denied food and water and was forced to urinate with his hands behind his back. The appellant contends he was not a threat and this was unnecessary. The appellant requests that Corcoran State Prison (COR) follow the regulations when handcuffing him.
> **II.    SECOND LEVEL'S DECISION:** The First Level of Review (FLR) noted that the institution was operating under a Program Status Report (PSR) which authorized the use of restraints when inmates were under escort and out of their assigned cell. The FLR noted the appellant was secured in flex-cuffs while his housing unit was searched. The FLR noted the appellant and other inmates were afforded the use of the restroom, water, and adjustment of the restraints if needed. The Second Level of Review (SLR) did not find any evidence of staff misconduct or that the appellant suffered from the use of the restraints. The SLR denied the appeal.
> **III.   THIRD LEVEL DECISION:**  Appeal is denied.
>> **A. FINDINGS:** The Third Level of Review (TLR) acknowledges that the appellant was secured with waist restraints while his housing unit was searched; however, this security precaution was due to the security precautions the institution enacted pursuant to the PSR. The institution determined inmates posed a threat and it was necessary to secure their hands with restraints while they were outside of their cell. The appellant alleges that this constitutes a violation of his rights. The institution attested that the appellant was offered the use of the restroom, water, and an adjustment of the restraints. The TLR notes that the appellant has not presented any evidence that the staff

---

[13]   Cal. Code Regs. tit. 15, § 3084.1(b) ("Unless otherwise stated in these regulations, all appeals are subject to a third level of review, as described in section 3084.7, before administrative remedies are deemed exhausted.  All lower level reviews are subject to modification at the third level of review."). Section 3084.7 provides for three levels of review, the third level conducted by the Secretary of the California Department of Corrections and Rehabilitation, or by a designated representative. *See Brown v. Valoff*, 422 F.3d 926, 929–30 (9th Cir. 2005).

> exceeded their authority relative to the use of the restraints, and there is no evidence that the appellant suffered any long term adverse affect.
> Therefore no relief is provided at the TLR.
> **B. BASIS FOR THE DECISION:**
> California Penal Code Section: 832.5, 832.7, 5058
> California Code of Regulations, Title 15, Section: 3000, 300 I, 3005, 3006, 3084.1, 3268, 3268.2, 3270, 3335, 3380
> **C. ORDER:** No changes or modifications are required by the Institution.[14]

Sands' Complaint is deficient on its face. Turning first to the California Department of Corrections ("CDCR"). The Supreme Court has held that "states or governmental entities that are considered 'arms of the State' for Eleventh Amendment" are not "persons" under § 1983.[15] CDCR falls within the category of those state entities entitled to sovereign immunity.[16] Accordingly, the Complaint as against CDCR must be dismissed without leave to amend.

To the extent that Sands Includes a claim against the Warden, Sands does not allege any facts that tie Warden Swift to the acts giving rise to Sands' injury. To impose liability on a supervisor, the supervisor's wrongful conduct must be sufficiently causally connected to the constitutional violation.[17] That is, the official must "implement a policy so

---

[14] Docket 1-1, p. 8.

[15] *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 70 (1989).

[16] *Brown v. California Department of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009).

[17] *See Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (*abrogated in part on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1994)).

deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation."[18]

> A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiff complains]." *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir.1978) (*Johnson*) (emphasis added). The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. [Citations omitted.][19]

   To obtain relief from Warden Swift Sands must allege specific facts that tie the Warden to the acts giving rise to Sands' injury. That is, Sands must allege and ultimately prove that Warden Swift "set in a motion a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury."[20] The applicable policy was Departmental policy,[21] not policy adopted by Warden Swift at the institutional level. Furthermore, the Complaint does not challenge the policy itself, only the manner in which it was executed. Thus, the allegations of the Complaint as presently constituted fail to allege any facts sufficient to warrant the granting Sands relief as against Warden Swift. Nor does it appear that Sands can truthfully plead any facts that would

---

[18] *Id.* (internal quotation marks and citations omitted).

[19] *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoted with approval in *Tennison v. City and County of San Francisco.*, 570 F.3d 1078, 1096 (9th Cir. 2009)).

[20] *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005) (citations and alterations omitted).

[21] Cal. Code Regs. title 15, § 3268.2.

create liability on the part of Warden Swift. Accordingly, the Complaint as against Warden Swift must also be dismissed without leave to amend.

With respect to Lt. Marsh, the Exhibits show that he was the First Level Reviewer of Sands' internal appeal.[22] There is no allegation that Lt. Marsh in any way participated in the acts giving rise to Sands' claim. The Complaint as presently constituted fails to allege any facts sufficient to warrant granting relief to Sands.  It is also readily apparent from the Complaint and its attachments that Lt. Marsh was not directly involved in the events underlying Sands' claims. Therefore, the Complaint as against Lt. Marsh will also be dismissed without leave to amend.

That does not, however, necessarily end the Court's inquiry. Normally, the Court would grant Sands leave to amend to name the responsible correctional officers. However, as discussed further below, Sands Complaint fails to allege any facts that would entitle him to relief  in this Court.[23]

It has long been well-established that the wanton and unnecessary use of physical force resulting in the infliction of pain constitutes cruel and unusual punishment under the Eighth Amendment.[24] Whenever prison officials stand accused of using excessive physical force in violation of cruel and unusual punishments clause, core of judicial inquiry is

---

[22] Docket 1-1, pp. 14–15.

[23] *See Hartman v. California Dept. of Corr. and Rehab.*, 707 F.3d 1141, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile."); *Lopez v. Smith*, 203 F.3d 1122, 1130–31 (9th Cir. 2000) (en banc) (explaining that leave to amend should be given unless amendment would be futile).

[24] *See Whitley v. Albers*, 475 U.S. 312, 319–21 (1986).

whether force was applied in good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[25] While the extent of the injury suffered by an inmate is one of the factors to be considered in determining whether the use of force was wanton and unnecessary in violation of the Eighth Amendment's prohibition against cruel and unusual punishment; absence of a serious injury does not necessarily end the inquiry.[26] "The Eighth Amendment's prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition *de minimus* uses of physical force, provided the use of force is not of a sort 'repugnant to the conscience of mankind.'"[27] As stated by the Ninth Circuit.

> We have previously identified five factors set forth in *Hudson* to be considered in determining how the above question should be answered; namely, "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response."[28]

Sands raises two issues concerning a period of time spanning approximately six to seven hours: (1) the flex-cuffs were too tight; and (2) he was forced to urinate with his hands cuffed behind his back.[29] While both unquestionably caused Sands a degree of

---

[25] *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (quoting *Whitley*, 475 U.S. at 320–21).

[26] *Id.* at 7–8.

[27] *Id.* at 9–10 (quoting *Whitley*, 475 U.S. at 327).

[28] *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (quoting *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th Cir. 2003)).

[29] The Court notes that each level of his administrative complaint Sands' claim changed slightly. At the first level, Sands limited his complaint to simply being flex-cuffed for six to seven hours. Docket 1-1, p. 10. At the second level, Sands added the allegation
(continued...)

discomfort or inconvenience, whether take singularly or in conjunction they do not rise to the level of unnecessary and wanton infliction of pain and suffering. Of the five factors identified by the Ninth Circuit in *Furnace*, accepting as true Sands' allegations as the Court must, only the first and fifth even remotely support granting Sands relief. While unquestionably Sands suffered an "injury" and a modicum of inconvenience, he did not require medical assistance, nor is there any indication that Sands suffered, or could have suffered, any lingering long-term effects. Only the fifth factor, the lack of efforts to temper the use of the flex-cuffs, weighs in Sands' favor. On overall balance, application of the *Furnace* factors mandates dismissal without leave to amend. That is, the facts alleged are "not of a sort 'repugnant to the conscience of mankind.'"[30]

## IV.   ORDER

Based upon the foregoing, the Complaint on file herein is hereby **DISMISSED** without leave to amend.

The Court, having fully considered the matter finds that reasonable jurists could not disagree with this Court's resolution of Dunagan's constitutional claims, or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.

---

[29](...continued)
that his hands were cuffed behind his back instead of using belly chains. Docket 1-1, p. 11. At the third level, Sands added that he alerted staff to the tightness and the allegation concerning being forced to urinate with his hands cuffed behind his back. Docket 1-1, p. 11.

[30]  *Hudson*, 503 U.S. at 9–10 (quoting *Whitley*, 475 U.S. at 327).

Accordingly, any appeal would frivolous or taken in bad faith.[31]  Sands' *in forma pauperis* status is hereby **REVOKED**.

The Clerk of the Court is directed to enter judgment accordingly.

**IT IS SO ORDERED** this 8th day of October, 2015.

> S/ RALPH R. BEISTLINE
> UNITED STATES DISTRICT JUDGE

---

[31] 28 U.S.C. § 1915(a)(3);  see Hooker v. American Airlines, 302 F.3d 1091, 1092 (9th Cir. 2002).

DISMISSAL ORDER
*Sands v CDCR*, 1:15-cv-01140-RRB – 10